RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
Petcharat Schotte, Veerawan Pankong, and : 
Juthamad Suktaweem :
:
                              Plaintiffs, :    **20-CV-3520**
:
                          -against- :    **FIRST AMENDED**
:    **COMPLAINT**
:
Sawasdee LLC, John Conrad, as an :
individual, Walailak Conrad, as an individual :
:
                          Defendants. :
------------------------------------------------------------X

         Plaintiffs PETCHARAT SCHOTTE, VEERAWAN PANKONG, and JUTHAMAD SUKTAWEEM, ("plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, SAWASDEE LLC, JOHN CONRAD, as an individual and WALAILAK CONRAD, as an individual, jointly and severally (collectively referred herein as "defendants") allege:

## NATURE OF THE ACTION

         1.    This action seeks to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiffs.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and/or overtime pay and by failing to pay plaintiffs for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the corporate defendants are located in the Eastern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants reside in the County of Suffolk in the Eastern District of New York.

8. Defendants employed Plaintiff PETCHARAT SCHOTTE as a waitress from or about March 2017 through March 14, 2020.

9. Plaintiff's duties were to take orders, serve customers, and process payment, along with other assigned duties.

10. Although Plaintiff's days and hours varied, SCHOTTE generally worked

approximately 45 to 50 hours per week for Defendants over five days, but worked more than 5 days per week on occasions.

11. She worked from 11:30am to 10:00pm from Monday through Wednesday, with a meal break, from 4:00pm to 10:00pm on Friday, and from 11:30am to 11:00pm on Saturdays, with a meal break.

12. Defendants paid plaintiff at the tip-credited minimum wage hour during the time she worked for defendants.

13. Defendants employed plaintiff VEERAWAN PANKONG as a Waitress from on or about March 2019 through March 14, 2020.

14. Plaintiff's duties were to take orders, serve customers, and process payment, along with other assigned duties.

15. Although Plaintiff's days and hours varied, PANKONG generally worked approximately 48.5 hours per week for Defendants over five days, but worked more than 5 days per week on occasions.

16. Typically she worked from 11:00am to 10:00pm on Monday, Tuesdays, and Thursdays (with a meal break); 11:00am to 11:00pm on Fridays (with a meal break); and from 11:30am to 9:30pm on Sunday, with a meal break.

17. Defendants paid plaintiff at the tip-credited minimum wage hour during the time she worked for defendants.

18. Defendants employed plaintiff JUTHAMAD SUKTAWEE as a Waitress from on

or about September 2017 through February 28, 2020.

19. Plaintiff's duties were to take orders, serve customers, and process payment, along with other assigned duties.

20. Although Plaintiff's days and hours varied, SUKTAWEE generally worked approximately 43 hours per week for Defendants over five days, but worked more than 5 days per week on occasion.

21. Typically, she worked from 11:15am to 10:00pm on Tuesday and Wednesday (with a meal break), from 11:15am to 11:00pm on Friday (with a meal break), and from 5:00pm to 11:00pm on Saturday and from 4:00pm to 10:00pm on Sunday.

22. Defendants paid plaintiff at the tip-credited minimum wage hour during the time she worked for defendants.

23. Plaintiffs were not permitted an uninterrupted half hour for required meal breaks.

24. Plaintiffs were each an "employee" of defendants within the meaning of the FLSA and the NYLL.

25. Plaintiffs were each clocked out early by the employer, before they ended work for the day, for up to half an hour on weekdays and one hour on weekends.

26. Defendants charged Plaintiff full price for wrong orders, breakage, and walkouts.  Defendants would either deduct same from the tip pool or from the individual waitress.

27. Defendants provided uniforms to Plaintiffs that were not wash and wear, and did not pay Plaintiff a uniform allowance.

28. Defendants did not pay spread of hours to Plaintiff for the days in which their spread of work hours met or exceeded 10 hours per day.

29. Defendants did not pay some or all Plaintiffs for their time training.

30. Defendants tipped the waiters through a tip pool, but would divert tipped tables to Defendant WALAILAK CONRAD by transferring checks to her, so as to deprive waitresses of their tips. In addition, Defendants would divert tips from take out orders, catering events, and wine pairing from Plaintiffs to Defendants.

31. Defendant JOHN CONRAD would make drinks for the patrons at the bar during the week and had waitresses serve food to patrons at the bar, but he would prevent the waitresses from receiving tips for the food orders on weekdays because he would place the patrons under Defendant JOHN CONRAD's code, to divert the food and drink tips to himself.

32. Defendants made Plaintiff sign a sheet at the end of the day to get paid, which sheet contained incorrect information.

33. At all times relevant to this action, plaintiffs were individually engaged in commerce or in the production of goods for commerce on behalf of defendants. Specifically, plaintiffs processed credit card transactions.

**Defendants**

34. Defendant SAWASDEE LLC, is a New York corporation with its principal executive

office located at 395 South Oyster Bay Road, Plainview, NY 11803 in the County of Nassau, in the Eastern District of New York.

35. Defendant SAWASDEE LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including rice, noodles, bread products, dry goods, and beverages, and (2) an annual gross volume of revenues in excess of $500,000.

36. SAWASDEE LLC is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiffs.

37. At all relevant times, SAWASDEE LLC has maintained control, oversight, and direction over plaintiffs.

38. Defendant JOHN CONRAD is an owner and/or officer of SAWASDEE LLC. He exercises sufficient control over the corporation's operations to be considered plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices of the corporation.

39. Defendant JOHN CONRAD interviewed and hired Plaintiff SCHOTTE herein, and exercised authority over all of Plaintiffs' day to day duties, including tracking hours, paying Plaintiffs, decisions on tip distributions, charging Plaintiffs for walkouts, and wrong meals, and breakage.

40. Defendant WALAILAK is an owner and/or officer of SAWASDEE LLC.  She exercises sufficient control over the corporation's operations to be considered plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices of the corporation.

41. Defendant WALAILAK interviewed and hired Plaintiffs PANKONG and SUKTAWEEM.  She assigned side work to all Plaintiffs, scheduled all Plaintiffs, and terminated Plaintiff SCHOTTE.  She would also make Plaintiffs return tips to customers if the customers complained.

42. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

43. Defendants are covered by the Hospitality wage order.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

44. Defendants suffered or permitted plaintiffs to work and did not compensate plaintiffs at the minimum wage required under New York State Law because it did not compensate Plaintiffs for all hours worked.

### DEFENDANTS' FAILURE TO PAY OVERTIME PAY

45. Defendants suffered or permitted plaintiffs to work over 40 hours per week. During regular workweeks, Defendants did not compensate plaintiffs for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

## SPREAD OF HOURS PAY

46. Under New York State law, the "spread of hours" is the number of hours from the time that an employee starts working on a particular day until the time that the employee ceases work for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee's spread of hours (regardless of the hours actually worked) is ten (10) hours or more.

47. Plaintiffs' spread of hours was ten hours or more several days per week.

48. Defendants never paid any spread of hours pay for days in which the spread of hours was ten (10) hours per day, or more.

49. Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

50. Defendants never provided any required notice to Plaintiffs that they were entitled to the tip credit.

51. Defendants are further not entitled to the tip credit because they unlawfully deducted money from Plaintiffs' wages for breakages, walkouts, bills that were short, and wrong orders.

52. Defendants are further not entitled to the tip credit because they diverted tips from Plaintiffs.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

53. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

54. Defendants failed to furnish plaintiffs with wage notices as required by § 195(1) of the Labor Law.

55. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

56. Defendants also failed to furnish plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages for all Hours Worked)

57. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

58. At all times relevant, plaintiffs were each an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

59. At all times relevant, defendants have been employers of plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C.

§§ 201 *et seq.*

60. Defendants clocked Plaintiff out early and therefore failed to pay Plaintiffs minimum wage for all hours worked.

61. Defendants have failed to pay plaintiffs minimum wages to which they are entitled under the FLSA.

62. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

64. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

65. As a result of defendants' willful violations of the FLSA, plaintiffs have suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

66. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

67. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

68. At all times relevant, plaintiffs have each been an employee of defendants, and defendants have been employers of plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

69. By clocking out Plaintiffs early, Defendants have failed to pay plaintiffs the minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

70. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(FLSA – Overtime)**

72. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

73. By clocking out Plaintiffs early, Defendants have failed to pay plaintiffs premium overtime wages to which they are entitled under the FLSA at the rate of time and

one-half for all hours worked in excess of 40 hours per week.

74. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

75. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

76. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

77. As a result of defendants' willful violations of the FLSA, plaintiffs have suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**FOURTH CAUSE OF ACTION**
**(NYLL – Overtime)**

78. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

80. By clocking Plaintiffs out early, Defendants have failed to pay plaintiffs premium overtime wages to which they are entitled under the NYLL and the supporting New York

State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

81.  Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82.  Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

83.  Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

84.  Defendants have willfully failed to supply plaintiffs with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone

number of the employer; plus such other information as the commissioner has deemed material and necessary.

85. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

86. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

87. Defendants have willfully failed to supply plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

88. Through their knowing or intentional failure to provide plaintiffs with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SEVENTH CAUSE OF ACTION
### (NYLL – Spread of Hours Pay)

90. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

91. Defendants regularly and knowingly required Plaintiffs to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

92. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at the basic minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

93. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (NYLL - Failure to Pay Tips to Plaintiffs)

94. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

95. Pursuant to the New York Labor law, defendants are required to pay all tips received to Plaintiffs.

96. Defendants routinely received tips for Plaintiffs from Plaintiffs' service at the bar, which was part of the tip-pool, but diverted the tips to Defendants.

97. Defendants routinely received tips for Plaintiffs but diverted them to Defendant WALAILAK CONRAD to deprive Plaintiff of the tips.

98. Defendants did not provide any notices to Plaintiff about the tips received, nor any accounting for the receipt or distribution of said tips.

99. Defendants' conduct violates the New York Labor Law because Defendants unlawfully retained tips meant for Plaintiffs.

100. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, the tips that were unlawfully deducted from Plaintiffs' pay and/or not distributed to Plaintiffs, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (Unlawful Deduction from Wages)

101. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

102. Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiffs.

103. Defendants deducted charges for wrong meals, walkouts, and breakages from Plaintiffs.

104. Said deductions from Plaintiffs' pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYSCRR § 146-1.8.

105. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### (Uniform Reimbursement)

106. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

107. Plaintiffs were provided uniforms from Defendants, but the uniforms were not wash and wear materials that could be routinely washed with other garments.

108. As a result, Defendants were required to pay a weekly fee for uniform maintenance pursuant to 22 NYCRR § 146-1.8.

    109.  Defendants failed to reimburse Plaintiffs the weekly uniform fee.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a.   Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

    b.   declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

    c.   declaring that Defendants did not pay Plaintiffs spread of hours' pay;

    d.   declaring that defendants have violated the Wage Theft Prevent Act;

    e.   declaring that defendants' violations of the FLSA were willful;

    f.   declaring that defendants' violations of the NYLL were willful;

    g.   awarding plaintiff damages for all unpaid wages, including minimum waeg, overtime, and spread of hours pay;

    h.   awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    i.   awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    j.   awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    k.   issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the

supporting New York State Department of Labor Regulations;

l.  awarding plaintiff damages, including liquidated damages, for all unlawful deductions and retention of tips under Article 6 of the Labor Law;

m.  awarding Plaintiff damages for unlawful deductions from wages;

n.  awarding Plaintiff damages for failure to provide reimbursements for uniforms;

o.  awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

p.  granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

q.  awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

r.  awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         October 29, 2020

                                        RAYMOND NARDO, P.C.
                                By:     _____
                                        RAYMOND NARDO, ESQ.
                                        129 Third St
                                        Mineola, NY 11501
                                        (516) 248-2121
                                        raymondnardo@gmail.com
                                        *Counsel for Plaintiffs*