# JacksonLewis

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

EMAIL ADDRESS:  NOEL.TRIPP@JACKSONLEWIS.COM
DIRECT DIAL:  (631) 247-4661

August 3, 2021

**VIA ECF**

The Honorable Magistrate Steven I. Locke
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza, Courtroom 820
Central Islip, New York  11722-4449

Re:  *Petcharat Schotte, et al. v. Sawasdee LLC, et al.*
Civil Case No. 20-cv-3520

Dear Judge Locke:

   This joint letter is submitted on behalf of Plaintiffs and Defendants in the above action.  Counsel for the parties jointly respectfully request that Your Honor approve the parties' proposed Settlement Agreement resolving Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA") attached as **Exhibit 1**, and dismiss this case with prejudice pursuant to the Stipulation attached as **Exhibit 2**, in conformity with *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).[1]

**I.       Background: Wage Claims and Defenses**

   Plaintiffs were servers at the restaurant operated by Defendant Sawasdee LLC ("Sawasdee") until early 2020.  After separating from employment, Plaintiffs commenced the instant action on August 5, 2020, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants, as well as violations of the minimum wage, spread-of-hours, gratuity-regulation, uniform maintenance and Wage Theft Act provisions of the NYLL.[2]  *See generally* Dkt. 11 (Amended Complaint).

---

[1] Defendants take no position with respect to Section III (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the supervision doctrine.

[2] Of course, as Judge Azrack recently reiterated, the supervision requirement does not apply to resolution of NYLL claims, which may be waived by private agreement.  *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020).  *See Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City*

**JacksonLewis**

The Honorable Magistrate Steven I. Locke
United States District Court
Eastern District of New York
August 3, 2021
Page 2

Plaintiffs alleged that during their employment with Sawasdee they were not paid properly for all hours worked, including hours over forty in a week (*id*. ¶ 26), did not receive spread-of-hours pay, had gratuities diverted and did not receive the requisite documentation under the WTPA. Defendants denied all Plaintiffs' allegations, asserting that Plaintiffs received appropriate hourly and overtime wages at or above the NYLL tip credit minimum wage level based on time records they themselves created, and while it could not locate a WTPA notice for each Plaintiff, it was Sawasdee's regular practice to issue such notices (including providing examples issued to other employees, including tipped employees), and thus discretionary WTPA damages would not attach, or the affirmative defenses thereto would apply.

On November 30, 2020 the Court referred the parties to mediation. Dkt. 14. The parties exchanged court-required discovery prior to their mediation session, including production of time records reflecting Plaintiffs' recording of hours. Plaintiff disputed the accuracy of the records and that he received premium pay for overtime hours. The parties participated in mediation on May 11, 2021 utilizing an experienced panel mediator, Patrick McKenna, Esq. Based on these disputes, the parties discussed the strengths and weaknesses of the case at mediation and reached global agreement, assigning $15,000 as to Plaintiffs' "off the clock" FLSA claims (their only federal claim), reflecting a compromise on the disputed issues outlined above. The parties respectfully request that Your Honor approve the FLSA settlement, and dismiss this action.[3]

## II. The Proposed Settlement should be Approved

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KevBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), *citing Lynn's Food*, 679 F.2d at 1353-54. "Generally there is a strong presumption in favor of finding a settlement fair,

---

*Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law). Plaintiff's 2017 overtime claim was within the limitations period under both laws.

[3] Plaintiffs have separately resolved their non FLSA-based claims through a separate agreement, consistent with the practice in this District and the SDNY. *Mejia v. Gulf2Bay*, E.D.N.Y. 19-cv-5286_Dkt. 30 (09/02/2020); *Greene v. Brady Risk, et al.*, E.D.N.Y. 19-cv-00970 (Minute Order 12/13/2019). *See Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Aly, et al. v. Dr. Pepper*, E.D.N.Y. Case No. 18-cv-4230(FB)(LB); *Miuzzo, et al. v. Residential Fence*, E.D.N.Y. Case No. 18-cv-2901(JFB)(ARL); *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.). "Judges in this District routinely approve `bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims) quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017).

**JacksonLewis**

The Honorable Magistrate Steven I. Locke
United States District Court
Eastern District of New York
August 3, 2021
Page 3

[because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliauichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted).

The Parties – with the assistance of mediator McKenna – agreed that *bona fide* disputes existed regarding, *inter alia*, (1) Defendants' complete defense to the FLSA claims based on the time records and timekeeping process; and (2) the amount of any potential overtime damages based on the parties' vigorous dispute concerning hours allegedly worked off the clock. Plaintiffs recognized that it would be difficult to establish liability and greater damages for the period at issue, based on Defendants' documentation and contrary position regarding the nature of the parties' agreement. These facts coupled with the relatively swift payout to Plaintiff (as opposed to a speculative payment after years of litigation in the District Court) weigh in favor of settlement. Litigating FLSA damages can be and would be a fact-intensive process demanding in-depth and costly efforts by both parties. Without this settlement, both parties would need to spend significant amounts of time, money and expense to undertake lengthy discovery. Furthermore, there is no guarantee of success on either side. Given the uncertainty over the potential outcome, both parties were motivated to settle this dispute

Pursuant to the terms of the settlement agreement, Defendant is paying $15,000 to resolve Plaintiffs' FLSA claims. Considering the numerous risks in this case, including the risk of taking nothing, Plaintiffs' counsel believes that this settlement is a good result for the Plaintiff, and it should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Defendants presented both a "take nothing" defense to Plaintiffs' FLSA claims, and additional defenses which may have substantially limited the recovery, even if Plaintiffs had prevailed.

This settlement thus constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel assisted by an experienced mediator. The terms of the Agreement are in accordance with *Cheeks*' admonitions relating to non-economic terms.

### III. <u>The Attorneys' Fees Are Fair and Reasonable</u>

Defendants agree to pay Plaintiffs' attorneys' fees and costs in the amount of $5,000, which equals Plaintiff's counsel's actual costs plus a one-third attorneys' fee. Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Santos v. EL Tepeyac Butcher Shop Inc.*, 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). This one-third contingency - agreed upon by Plaintiff in his retainer agreements and substantially less than Plaintiff's Counsel's lodestar relating to the FLSA claim, as discussed below - is regularly approved in this circuit in FLSA cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at

**JacksonLewis**

The Honorable Magistrate Steven I. Locke
United States District Court
Eastern District of New York
August 3, 2021
Page 4

*3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for expenses and is reasonable. Plaintiffs' counsel researched and investigated the claims, meeting with multiple Plaintiffs on several occasions, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, hours worked and compensation, commenced this action, prepared a detailed assessment of damages, negotiated the resolution during a lengthy mediation, and negotiated the final settlement. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf.

**IV.   Conclusion**

The parties reached a fair and reasonable settlement of all FLSA claims after the voluntary exchange of initial discovery and damages models, Court-appointed mediation, and corresponding settlement negotiations. The parties respectfully request that Your Honor approve the attached settlement and dismiss this action.

Respectfully submitted,

| | |
|---|---|
| RAYMOND NARDO, P.C. | JACKSON LEWIS P.C. |
| ATTORNEYS FOR PLAINTIFFS | *ATTORNEYS FOR DEFENDANTS* |
| 129 Third Street | 58 South Service Rd., Ste. 250 |
| Mineola, New York  11501 | Melville, New York  11747 |
| (631) 257-5588 | (631) 247-0404 |
| | |
| By:   /s_____ | By:   /s_____ |
|        RAYMOND NARDO, ESQ. |        NOEL P. TRIPP, ESQ. |

4841-7004-0298, v. 4